1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD ROY GIBBONS,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION, et al.,

                    Defendants.

CASE NO. C15-5444 BHS

ORDER DENYING PLAINTIFF'S
MOTION TO PROCEED *IN
FORMA PAUPERIS* AND
DISMISSING COMPLAINT

        This matter comes before the Court on Plaintiff Todd Roy Gibbons's ("Gibbons")

motion to proceed *in forma pauperis* (Dkt. 1), proposed complaint (Dkt. 1, Exh. 1), and

motion to supplement complaint (Dkt. 2).

        On June 25, 2015, Gibbons filed the motion to proceed *in forma pauperis* and the

proposed complaint.  In his complaint, Gibbons cites a previous case filed in this district

(*Gibbons v. Honorable Bob Ferguso, et al.,* Cause No. 13-5189-BHS) and seeks to

consolidate three closed cases:  *Elkins, et al. v. Dreyfus*, Cause No. 10-1366 (W.D.

Wash.), *Bennett v. Astrue*, Cause No. 11-5224 (W.D. Wash.), and *Gibbons v. McKenna*,

Cause No. 12-5793 (W.D. Wash).  Dkt. 1, Exh. 1.  Although Gibbons claims that he was improperly denied government benefits, he concedes in his complaint that all of his claims have been adjudicated.  *Id.*  In this new case, he seeks to reopen those cases and relitigate his claims.  *Id.*

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the "privilege of pleading *in forma pauperis* . . .  in civil actions for damages should be allowed only in exceptional circumstances."  *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986).  Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

In this case, Gibbons fails to present new claims for relief.  Gibbons essentially seeks to relitigate a *sua sponte* dismissal that was upheld on appeal (s*ee Gibbons v. Honorable Bob Ferguso, et al.,* Cause No. 13-5189-BHS, Dkt. 16 (W.D. Wash April 16, 2015) as well as three cases that have been closed for years.  The Court does not have jurisdiction to entertain such claims.  Therefore, the Court **DENIES** Gibbons's motion to proceed *in forma pauperis* and **DISMISSES** Gibbons's complaint.

**IT IS SO ORDERED**.

Dated this 16th day of July, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge